IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC. and<br>THE SECURITY CENTER, INC., | § § § § § § § § § § § | |
| Plaintiffs, | | Case No. 2:13-CV-1047-WCB<br>LEAD CASE |
| v. | | |
| DEDICATED MICROS USA, *et al.,* | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Stay Pending *Inter Partes* Review by Defendants Hikvision USA, Axis Communications, Dedicated Micros, Inc., and i3 International. Dkt. No. 76. The motion is DENIED without prejudice to the defendants' right to refile the motion if and when the Patent Trial and Appeal Board ("PTAB") grants the petition for inter partes review filed by defendants Hikvision USA and Axis Communications.

## BACKGROUND

Plaintiffs Trover Group, Inc., and The Security Center, Inc., are the owner and exclusive licensee, respectively, of U.S. Pat. Nos. 5,751,345 ("the '345 patent"), and 5,751,346 ("the '346 patent"). The plaintiffs filed an action on November 27, 2013, alleging that defendant Dedicated Micros USA had infringed the two patents. The plaintiffs filed similar actions against defendants i3 International (on November 27, 2013), Hikvision USA (on December 20, 2013), and Axis Communications (on December 20, 2013). The cases were consolidated, and pretrial proceedings have been ongoing since that time. A joint claim construction statement was filed

on December 8, 2014, and briefing on the claim construction issues began shortly thereafter, culminating in a claim construction hearing held before the Court on March 2, 2015. A pretrial conference is scheduled for July 28, 2015, and a trial date has been set for September 8, 2015.

On December 15, 2014, just five days short of one year after the filing of the actions against Hikvision and Axis, those two defendants filed a petition with the PTAB seeking inter partes review of the '346 patent. See 35 U.S.C. §§311-19. (The '345 patent is no longer being asserted against the defendants in this consolidated action.) Four weeks later, on January 8, 2015, all four defendants filed this motion to stay the proceedings before the Court pending resolution of the inter partes petition filed by Hikvision and Axis. The plaintiffs have opposed the motion, which was orally argued before the Court on March 2, 2015.

**DISCUSSION**

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); Gonzalez v. Infostream Grp., Inc., No. 2:14-cv-906 (E.D. Tex. Mar. 2, 2015). In particular, the question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (request for stay pending inter partes reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." Evolutionary

Intelligence, LLC v. Millennial Media, Inc., No. 5:13-cv-04206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc., No. 6:14-cv-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015); Surfcast, Inc. v. Microsoft Corp., No. 2:12-cv-333, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014); Norman IP Holdings, LLC v. TP-Link Techs., Co., No. 6:13-cv-384, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); Air Vent, Inc. v. Owens Corning Corp., No. 2:10-cv-1699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012); Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).

District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation. See Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc., Nos. 2:13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P., 922 F. Supp. 2d 486, 489 (D. Del. 2013); Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation. EchoStar Techs. Corp. v. TiVo, Inc., No. 5:05-cv-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006).

Those three factors largely overlap with the four factors that Congress has expressly set forth as governing the question whether a stay should be granted pending covered business method ("CBM") review proceedings before the PTAB. Those four factors are:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

>    (B) whether discovery is complete and whether a trial date has been set;
>    (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>    (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011) ("the AIA"). Congress's addition of a fourth factor requiring an inquiry into whether a stay will reduce the burden of litigation on the parties and on the court indicates that special attention should be given to minimizing the burdens of litigation. While that factor has been noted as the basis for a distinction between the standard for stay motions in CBM review proceedings and stay motions in inter partes review proceedings, see Progressive Cas. Ins. Co. v. Safeco Ins. Co., No. 1:10-cv-1370, 2013 WL 1662952, at *2 (N.D. Ohio Apr. 17, 2013), courts considering stay applications in the inter partes review setting have been attentive to that concern as well, see, e.g., Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P., 922 F. Supp. 2d 486, 489 (D. Del. 2013); Ultratec, Inc. v. Sorenson Commc'ns, Inc., No. 13-cv-346, 2013 WL 6044407 (W.D. Wis. Nov. 13, 2013). The Court now turns to an analysis of each of the factors bearing on whether to grant a stay of the district court proceedings pending the resolution of the defendants' petition for inter partes review.

### 1. Prejudice

The plaintiffs argue that the delay inherent in granting a stay would prejudice them, principally because of the risk of loss of documentary and testimonial evidence during the pendency of the stay. That is particularly true in this case, they claim, since the proof required for plaintiffs to show indirect infringement rests with third parties having no incentive to preserve evidence for years while the IPR proceeding is pending. That concern is entitled to

some weight, although the Court notes that the concern is general in nature, rather than specific, and therefore does not present an especially strong claim of actual prejudice. Nonetheless, the plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights. See Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc., No. 6:11-cv-492, at 9 (E.D. Tex. Jan. 5, 2015); Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc., No. 2-13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); ThinkOptics, Inc. v. Nintendo of Am., Inc., No. 6:11-cv-455, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014); Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB, No. 6:12-cv-224, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014); Voltstar Techs., Inc. v. Superior Commc'ns, Inc., No. 2:12-cv-82, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). The "prejudice" factor therefore cuts slightly against granting a stay.

### 2. The State of the Proceedings

By the time the stay motion was filed in this case, the parties had engaged in substantial discovery and had initiated the claim construction process. By the time briefing of the stay motion was finished (the earliest point at which it would have been practical for the Court to issue a stay), the claim construction briefing had been completed. The claim construction hearing has now been conducted, a pretrial conference is scheduled for July 2015, and trial is set for September 8, 2015.

The defendants argue that this case is still in its early stages. As a result, they argue, a stay would not significantly interfere with the progress of the case. They further contend that a stay would avoid the litigation-related expenses that the parties will otherwise incur during the next four months, during the time that the PTAB is considering whether to grant the petition for

inter partes review. While it is true that discovery and motion practice over the next four months will entail a significant amount of work and expense for the parties, the most intensive period of pretrial preparation and the trial will not take place until after the PTAB has decided whether to grant the petition and institute inter partes review, which should occur, at the latest, by June of 2015. See 35 U.S.C. § 314(b) (PTAB must determine whether to institute an inter partes review within three months after receiving a response to the petition); 37 C.F.R. § 42.107(b) (response to a petition is due within three months of the filing date of the petition). Accordingly, this is not a case in which the proceedings before the court are at such an early stage that the stay would have no material effect on the district court proceedings. On the other hand, the timing of the PTAB's decision whether to institute inter partes review is such that if the PTAB institutes inter partes review, a stay entered at that point has the potential to save the parties the bulk of the expenses that they would incur in the pretrial period and in going to trial.

While this factor might otherwise appear to be neutral or to cut against granting a stay, there is another consideration that, in the Court's judgment, renders this factor significantly less favorable to the defendants. That factor is the defendants' delay in filing their petition for inter partes review with the PTAB and their delay in filing their motion for a stay with this Court.

The defendants waited for nearly a year after the complaints were filed against them before filing their petition for inter partes review. They filed the petition only five days short of the one-year statutory deadline for filing a petition for inter partes review. See 35 U.S.C. § 315(b). Even after the defendants filed their invalidity contentions in this case, they still delayed for months before filing their petition for inter partes review with the PTAB. Moreover,

even after filing their petition, the defendants waited nearly another month before seeking a stay from this Court.

The pattern of delay on the defendants' part cuts against granting a stay. See Freeny v. Apple Inc., No. 2:13-cv-361, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014); Rensselaer Polytechnic Inst. v. Apple Inc., No. 2:13-cv-633, 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014); Evolutionary Intelligence, LLC v. Apple, Inc., No. C 13-4201, 2014 WL 93954, at *4 (N.D. Cal. Jan. 9, 2014); TruePosition, Inc. v. Polaris Wireless, Inc., C.A. No. 12-646, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013); Dane Techs., Inc. v. Gatekeeper Sys., Inc., Civil No. 12-2730, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013); Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013); Affinity Labs of Tex. v. Apple Inc., No. 09-4436, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010); cf. Polaris Indus., Inc. v. BRP U.S. Inc., Civil No. 12-1405, 2012 WL 5331227, at *2 (D. Minn. Oct. 29, 2012) (court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination).

The defendants could have filed their motion for a stay at a time when the case could truly be said to have been in its infancy. At that time, a stay could have been granted without substantially interfering with the proceedings before the Court. But by delaying in filing their petition and then further delaying in filing their motion to stay, the defendants have allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties. Because this factor was within the defendants' control, the Court is not sympathetic with the defendants' contention that they will be exposed to potentially

7

unnecessary expenses in the absence of a stay. For that reason, the Court concludes that this factor cuts strongly against a stay.

### 3. Simplification of the Issues

The question whether the stay will lead to simplification of the issues before the Court depends very much on whether the PTAB decides to grant the petition. If the petition is granted, it is very likely that the proceedings before the Court will be simplified. If some or all of the claims are canceled, the case will become simpler or perhaps come to an end altogether. If the patentability of the claims is confirmed, the case will become simpler because the defendants will be subject to the statutory estoppel that bars them from challenging the validity of claims on any ground that was or reasonably could have been raised in the inter partes review proceedings.[1] See 35 U.S.C. § 315(e)(2). Thus, "a stay could simplify the issues in this case and streamline the trial—or even obviate the need for a trial—but only if the PTAB grants the petition." Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc., No. 2:13-cv-655, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014).

Based on the high grant rate for petitions for PTAB review following the enactment of the AIA, the defendants urge the Court to disregard the fact that the PTAB has not yet acted on the petition. The statistics cited by the defendants indicate that once the PTAB has instituted inter partes review, only 50 percent of all reviewed claims are held to be patentable. However,

---

[1] At the hearing on the motion to stay, counsel represented that defendant Dedicated Micros USA would agree to be bound by the statutory estoppel in the event that the PTAB confirms the patentability of some or all of the claims challenged in the inter partes review. The fourth defendant, i3 International, Inc., has obtained a stay of proceedings pending an agreed dismissal of the claims against it.

that number refers to reviewed claims; the percentage of claims that are invalidated from among all those presented to the PTAB in petitions for inter partes review is significantly lower.

In any event, the overall statistics for the number of petitions that are reviewed and the number of claims that are invalidated are not especially enlightening as to the likely disposition of any particular patents or claims, since the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute. Thus, it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute inter partes review in this case and invalidate some or all of the claims of the '346 patent. See Card-Monroe Corp. v. Tuftco Corp., No. 1:14-cv-292 (E.D. Tenn. Feb. 19, 2015); Loyalty Conversion Sys. Corp. v. Am. Airlines, 2:13-cv-655, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014). Accordingly, the "simplification" factor does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review.

It is for that reason this Court regards the most important factor in determining whether to stay litigation pending inter partes review to be whether the PTAB has acted on the defendants' petition for review. Other courts have agreed, as detailed below.

In a recent decision on the closely related question whether a stay should be granted pending "covered business methods" ("CBM") review, the Federal Circuit directly addressed the question whether a district court could deny a stay request when the PTAB had not yet ruled on the petition for review. The Federal Circuit said that it would not be error in that setting for the district court either to deny the motion for a stay or to postpone ruling on the motion until the PTAB has acted on the petition. The court wrote:

> We note at the outset that it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion.

9

> Indeed, while some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, see, e.g., Intertainer, Inc. v. Hulu, LLC, No. 13-cv-5499, 2014 WL 466034, at *1 (C.D. Cal. Jan. 24, 2014), others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review, see, e.g., Checkfree Corp. v. Metavante Corp., No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014). We express no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.

VirtualAgility, Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1315-16 (Fed. Cir. 2014).

Since the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending either CBM review or inter partes review. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review. See, e.g., Card-Monroe Corp. v. Tuftco Corp., No. 1:14-cv-292 (E.D. Tenn. Feb. 19, 2015); Aquatic AV, Inc. v. Magnadyne Corp., No C 14-1931 (N.D. Cal. Jan. 13, 2015); In re Transdata, Inc. Smart Meters Patent Litig., No. 12-ml-2309 (W.D. Okla. Jan. 6, 2015); Sage Electrochromics, Inc. v. View, Inc., No. 12-cv-6441, 2015 WL 66415 (N.D. Cal. Jan. 5, 2015); Mimedx Grp., Inc. v. Tissue Transplant Tech., Ltd., No. SA-14-CA-719 (W.D. Tex. Jan. 5, 2015); MyMedicalRecords, Inc. v. Jardogs, LLC, No. 2:13-cv-3560 (C.D. Cal. Dec. 16, 2014); Kerr Corp. v. Ultradent Prods., Inc., No. SACV 14-236 (C.D. Cal. Nov. 13, 2014); Aylus Networks, Inc. v. Apple, Inc., No. C-13-4700, 2014 WL 5809053 (N.D. Cal. Nov. 6, 2014); Skky, Inc. v. Manwin USA, Inc., Civil No. 13-2086 (D. Minn. Oct. 29, 2014); Capella Photonics, Inc. v. Cisco Sys., Inc., No. C-14-3348 (N.D. Cal. Oct. 14, 2014); RealD, Inc. v. MasterImage 3D, Inc., No. CV 14-2304 (C.D. Cal. Oct. 12, 2014); Unwired Planet, LLC v.

Square, Inc., No. 3:13-cv-579, 2014 WL 4966033 (D. Nev. Oct. 3, 2014); CANVS Corp. v. United States, 118 Fed. Cl. 587 (2014); SCVNGR, Inc. v. eCharge Licensing, LLC, No. 13-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014); Fontem Ventures, B.V. v. NJOY, Inc., No. CV 14-1645 (C.D. Cal. Sept. 24, 2014); Audatex N. Am. Inc. v. Mitchell Int'l Inc., No. 13-cv-1523, 2014 WL 4546796 (S.D. Cal. Sept. 11, 2014); Straight Path IP Grp., Inc. v. Vonage Holdings Corp., Civil Action No. 14-502, 2014 WL 4271633 (D.N.J. Aug. 28, 2014); Netlist, Inc. v. Smart Storage Sys., Inc., No. 13-cv-5889, 2014 WL 4145412 (N.D. Cal. Aug. 21, 2014); Malibu Boats, LLC v. Nautique Boat Co., No. 3:13-cv-656, 2014 WL 3866155 (E.D. Tenn. Aug. 6, 2014); CTP Innovations, LLC v. V.G. Reed & Sons, Inc., No. 3:14-cv-364 (W.D. Ky. July 17, 2014); CDX Diagnostics, Inc. v. US Endoscopy Grp., Inc., No. 13-cv-5669, 2014 WL 2854656 (S.D.N.Y. June 20, 2014); Power Survey, LLC v. Premier Utility Servs., LLC, No. 2:13-cv-5670 (D.N.J. June 4, 2014); Segin Sys., Inc. v. Stewart Title Guar. Co., No. 2:13-cv-190, 2014 WL 1315968 (E.D. Va. Mar. 31, 2014); Rensselaer Polytechnic v. Apple Inc., No. 1:13-cv-633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014); Ultratec, Inc. v. Sorenson Commc'ns, Inc., No. 13-cv-346, 2013 WL 6044407 (W.D. Wis. Nov. 14, 2013); Dane Techs., Inc. v. Gatekeeper Sys., Inc., Civil No. 12-2730, 2013 WL 4483355 (D. Minn. Aug. 20, 2013); Derma Scis., Inc. v. Manukamed Ltd., Civil Action No. 12-3388, 2013 WL 6096459 (D.N.J. July 18, 2013); Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc., Civil Action No. 12-801, 2013 WL 3296230 (D. Del. June 28, 2013); Davol, Inc. v. Atrium Med. Corp., Civil Action No. 12-958, 2013 WL 3013343 (D. Del. June 17, 2013); Automatic Mfg. Sys., Inc. v. Pimera Tech., Inc., No. 6:12-cv-1727, 2013 WL 1969247 (M.D. Fla. May 13, 2013); Tric Tools, Inc. v. TT Techs., Inc., No. 12-cv-3490, 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012).

In this district, that is not just the majority rule; it is the universal practice. This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay. See Gonzalez v. Infostream Grp., Inc., No. 2:14-cv-906 (E.D. Tex. Mar. 2, 2015); Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., No. 2:13-cv-213, 2015 WL 627887 (E.D. Jan. 29, 2015); 3rd Eye Surveillance, LLC v. Town of Addison, Texas, No. 6:14-cv-536, 2015 WL 179000 (E.D. Tex. Jan. 14, 2015); Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc., No. 6:11-cv-492 (E.D. Tex. Jan. 5, 2015); Promethean Insulation Tech. LLC v. Sealed Air Corp., No. 2:13-cv-1113 (E.D. Tex. Nov. 21, 2014); E-Watch Inc. v. Apple, Inc., No. 2:13-cv-1061 (E.D. Tex. Nov. 21, 2014); Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc., No. 2:13-cv-235, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014); Personal Audio, LLC v. Togi Entm't, Inc., No. 2:13-cv-13 (E.D. Tex. Aug. 1, 2014); Invensys Sys., Inc. v. Emerson Elec. Co., No. 6:12-cv-799, 2014 WL 4477393 (E.D. Tex. July 25, 2014) (PTAB granted review of some claims of some patents, but not other claims and patents in suit); Freeny v. Apple, Inc., No. 2:13-cv-361, 2014 WL 3611948 (E.D. Tex. July 22, 2014); Lennon Image Techs., LLC v. Lumondi Inc., No. 2:13-cv-238 (E.D. Tex. Jan. 6, 2014).[2]

---

[2] The defendants cite two cases from this district that have granted stays pending inter partes review, see Dkt. No. 76, at 6 n.9, but neither supports the defendants' argument or undermines the consistent approach of courts in this district when opposed motions for a stay are filed before the PTAB has acted on petitions for inter partes review. In one, Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc., No. 6:11-cv-492 (E.D. Tex. Mar. 5, 2013), the motion for a stay was unopposed. In the other, Norman IP Holdings, LLC v. TP-Link Techs. Co., No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014), the Patent and Trademark Office had already rejected or canceled most of the claims in suit, and the remaining claim was the subject of an inter partes review brought by a third party in which the PTAB had already instituted the review.

The situation is largely the same in the case of stays sought when the PTAB is considering whether to grant CBM review. In CBM review cases, where the PTAB has not yet determined whether to grant the petition for CBM review, courts in this district have denied stay applications in every case but one. See <u>AmerisourceBergen Specialty Grp., Inc. v. FFF Enters., Inc.</u>, No. 4:13-cv-755 (E.D. Tex. Jan. 5, 2015); <u>Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.</u>, No. 2:13-cv-655, 2014 WL 3736514 (E.D. Tex. July 29, 2014); <u>Smartflash LLC v. Apple, Inc.</u>, 6:13-cv-447, 2014 WL 3366661 (E.D. Tex. July 8, 2014); <u>Secure Axcess, LLC v. U.S. Bank Nat'l Ass'n</u>, No. 6:13-cv-717 (E.D. Tex. June 26, 2014); <u>Blue Calypso, Inc. v. Groupon, Inc.</u>, No. 6:12-cv-486 (E.D. Tex. July 19, 2013). The sole exception in the CBM review context revealed by the Court's research is <u>Landmark Technology, LLC v. iRobot Corp.</u>, No. 6:13-cv-411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014).

The <u>Landmark</u> case is instructive in showing the kinds of circumstances that might justify granting a stay prior to PTAB action on a review petition. In that case, Judge Love carefully analyzed the various factors bearing on whether a stay should be granted pending CBM review. Weighing heavily in favor of a stay, in his view, was the timing of the review petition vis-à-vis the state of the district court litigation. At the time the court ruled on the stay motion, the PTAB was due to decide whether to grant the CBM review petition within four months. The district court action at that point was still in its early stages. As the court explained, at the time of the motion, which was filed only five months into the litigation, discovery had just begun, and the court had only held a scheduling conference and issued several routine and administrative orders. Moreover, the claim construction hearing was not scheduled to occur until four months after the PTAB's decision whether to grant the CBM review petition. Finally, Judge Love noted that

13

section 18 of the America Invents Act "places a very heavy thumb on the scale in favor of a stay being granted" in a CBM review case, and that the legislative history of the Act indicated that stays should be granted more liberally in CBM review cases than in other settings. Id. at *4.

The circumstances in that case are quite different from the circumstances in this one. First, the defendant in the Landmark case acted promptly in seeking review. Second, the case before the district court was still in a very early stage; in fact, the claim construction hearing was not scheduled to be held until well after the PTAB's decision whether to grant the CBM review petition. Third, the stay application was made in the context of a CBM review proceeding, not an inter partes review proceeding.

This case differs from the Landmark case in all three respects: (1) it is an inter partes review case, not a CBM review case; (2) it is much farther along than Landmark was when the motion to say was filed—claim construction proceedings in this case were ongoing when the motion was filed, and discovery had begun in earnest; and (3) the defendants in this case did not act promptly in filing their inter partes review petition, which was filed only five days before the statutory one-year deadline following the filing of the complaints against Hikvision and Axis.

Finally, the Court notes that although the defendants argue that this case presents compelling reasons for granting a stay, the fact of the matter is that, if a stay is required in this case, there would be few inter partes review cases in which it would be proper to deny a stay. The factors pointed to by the defendants as favoring a stay are likely to be present in virtually every case in which inter partes review has been sought challenging a patent owned by a non-competing entity.

The defendants make a brief, one-paragraph argument in support of their contention that the claims of the '346 patent are invalid, but at this juncture the task of evaluating the patentability of those claims is for the PTAB, not for this Court. Just as it is improper for the Court to second-guess the PTAB's determination that a patent is likely to be invalidated, see VirtualAgility, 759 F.3d at 1313-14, it would be a waste of judicial resources for this Court to attempt to anticipate whether the PTAB will find that it is reasonably likely that at least one of the claims of the '346 patent is invalid. See 35 U.S.C. § 314(a). Accordingly, considering all of aspects of the proceedings before the Court and the PTAB, the Court concludes that the "simplification of the issues" factor cuts strongly against a stay.

## CONCLUSION

Based on all the circumstances, the Court concludes that a stay of proceedings pending the PTAB's decision whether to grant the petition for inter partes review should not be granted. Instead, the proper course is to follow the approach employed by a majority of the district court decisions (and all of the decisions in this district) and deny the motion for a stay pending a determination by the PTAB as to whether to grant the petition for inter partes review. When that decision is made, the balance of factors bearing on the appropriateness of a stay may be very different, and issuance of a stay may be appropriate.

While the Court could simply postpone ruling on the defendants' stay motion until the PTAB acts, the Court regards it as the better practice to rule on the motion in order to inform the parties of the basis for the Court's action. Accordingly, the Court DENIES the motion for a stay pending inter partes reexamination, without prejudice to the defendants' right to renew the motion if and when the PTAB acts on the petition for reexamination.

IT IS SO ORDERED.

SIGNED this 11th day of March, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE