IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC. and<br>THE SECURITY CENTER, INC., | § § § | |
| Plaintiffs, | § § | Case No. 2:13-CV-01047-WCB<br>LEAD CASE |
| v. | § § | |
| DEDICATED MICROS USA, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are three Notices of Compliance with Court's Docket Control Order Regarding Letter Briefs, Dkt. Nos. 115, 116, and 119, in which defendant Axis Communications, Inc., has sought leave to file motions for summary judgment that Axis is not liable for direct infringement, indirect infringement, and infringement under the doctrine of equivalents. All three notices and the attached letter briefs are filed under seal. The Court DENIES Axis's request to file those three motions on the ground that the notices have been filed under seal, even though no reason for filing them under seal has been given, and none is apparent to the Court.

The common law recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also In re Violation of Rule 28(d), 635 F.3d 1352, 1356 (Fed. Cir. 2011); S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir.1993); Belo Broad. Corp. v. Clark, 654 F.2d 423, 429 (5th Cir. 1981). That right is implemented, the Fifth Circuit has explained, through "a strong presumption in favor of a common law right of public access to

1

court proceedings." United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir. 2010); see also In re Violation of Rule 28(d), 635 F.3d at 1356.

To be sure, the "right to inspect and copy judicial records is not absolute," Nixon, 435 U.S. at 598, and the presumption in favor of public access to court records can be overcome in certain instances. For example, as the Supreme Court recognized in the Nixon case, courts have denied public access to court records when necessary to ensure that those records "are not 'used to gratify private spite or promote public scandal,'" or to ensure that court records are not used "as sources of business information that might harm a litigant's competitive standing." Id.

The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." Nixon, 435 U.S. at 599. The exercise of that discretion is not unguided, however. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" In re Violation of Rule 28(d), 635 F.3d at 1357 (quoting Nixon, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Van Waeyenberghe, 990 F.2d at 849; see also id. at 850 ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'") (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that a district court's "discretion to seal the record of judicial

proceedings is to be exercised charily," Van Waeyenberghe, 990 F.2d at 848, that the court "must use caution in exercising its discretion to place records under seal," Holy Land, 624 F.3d at 689-90, and that the decision to seal or redact public records "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public,'" id. at 690.

The party seeking to seal court documents has the burden of establishing that the presumption of public records should be overcome. Bianco v. Globus Med., Inc., 2014 WL 3422000, at *2 (E.D. Tex. July 14, 2014); Bankhead v. Gregg Cnty., 2013 WL 124114, at *2 (E.D. Tex. Jan. 9, 2013) (citing Torres-Montalvo v. Keith, 2011 WL 5023271, at *1 (S.D. Tex. Oct. 17, 2011)); LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 221-22 (3d Cir. 2011); Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004); United States v. Ladd, 218 F.3d 701, 704 (7th Cir. 2000). The moving party "can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221 (Fed. Cir. 2013). That is, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id.; see also In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (district court's entry of a protective order was "unsupported by a 'particular and specific demonstration of fact'" where movant made only conclusory allegations of harm); Brown v.

Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Absent a showing of extraordinary circumstances . . . the court file must remain accessible to the public.").

Given that strong public policy, this Court will not allow filings under seal that are not justified by a strong and particularized showing of need. No such showing has been made in this case. The only justification for designating the three notices and the attached letter briefs to be filed under seal is the statement accompanying each notice that states that the "authorization to file this document under seal was provided by the Protective Order entered on April 30, 2014, Docket No. 38." What is left unsaid is how the notices and the attached letter briefs would reveal confidential information that is subject to the protective order.

Accordingly, for the present the Court will deny Axis's sealed requests to file its three summary judgment motions. However, the Court will allow Axis to submit a motion for reconsideration of this order if Axis refiles its notices and attached letter briefs without a designation that they should be filed under seal, or makes a specific and particularized showing of why each of the three notices and the attached letter briefs reveal highly sensitive information not otherwise in the public domain that requires that those materials be under seal. Such showing must be specific and particularized. Any refiling of the notices and letter briefs not under seal, or any request for reconsideration of this order must be submitted on or before March 31, 2015.

All parties are advised that this Court regards sealing materials that are filed with the Court to be an exceptional measure and that casual invocations of the right to file materials under seal are not acceptable. Any future request to file materials with the Court under seal will

require more than a rote recitation that authorization to file the document under seal was provided by the Protective Order previously entered in this case.

IT IS SO ORDERED.

SIGNED this 26th day of March, 2015.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE