IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TROVER GROUP, INC. and THE SECURITY CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEDICATED MICROS USA, *et al.,* <br><br> Defendants. | Case No. 2:13-CV-1047-WCB <br> LEAD CASE |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Non-party Silmar Electronics, Inc.'s Corrected Objections to Amended Subpoena and Motion to Quash Amended Subpoena for Documents Under Rule 45 and Incorporated Memorandum of Law. Dkt. No. 118. The plaintiffs have filed a response to Silmar's motion. Dkt. No. 120. The Court DISMISSES the motion to quash on the ground that it is not properly before this Court and should be filed, instead, in the United States District Court for the Southern District of Florida, the place where compliance with the subpoena is required.

Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena to a third party for testimony or documents must issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). That was done in this case, as the subpoena in dispute was issued in the name of the United States District Court for the Eastern District of Texas, where this action is pending. The rule further makes clear, however, that matters relating to the enforcement of the subpoena are to be directed to the court "for the district where compliance is required." Fed. R. Civ. P. 45(d).

1

Those matters include includes the duty to address motions to quash or modify a subpoena, Fed. R. Civ. P. 45(d)(3), and the duty to address objections to a subpoena when the serving party moves the court for an order compelling production or inspection of documents. Fed. R. Civ. P. 45(d)(2)(B)(i). See Ingeniador, LLC v. Adobe Sys. Inc., No. 2:12-cv-805, 2014 WL 105106, at *2 (E.D. Tex. Jan. 9, 2014); Tomelleri v. Zazzle, Inc., No. 13-cv-2576, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) ("After the 2013 amendment [to Rule 45] . . . subpoenas must be *issued* from the court where the action is pending, but the authority to *quash* or modify the subpoena remains with 'the court for the district where compliance is required.'") (emphasis in original); AngioScore, Inc. v. TriReme Med., Inc., No. 12-cv-3393, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) ("The amended version of Rule 45 requires that subpoenas be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). Although the prior version of the Rule gave the issuing court jurisdiction over motions to quash subpoenas, see Fed. R. Civ. P. Rule 45(c)(3) (2012), the current version provides that 'the court for the district where compliance is required' has jurisdiction to quash or modify subpoenas, see Fed. R. Civ. P. 45(d)(3) (2014)."); Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14-cv-708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."); Morawski v. Farmers Tex. Cnty. Mut. Ins. Co., No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014) ("As 'the court for the district where compliance is required,' this Court is the appropriate forum in which to move to quash the subpoenas.").

The amended subpoena here at issue specifically directs that compliance is to take place at a location within the Southern District of Florida. It is therefore that court, not this one, that is authorized to address Silmar's motion. While it is true that Rule 45(f) permits the court in the district where compliance is required to transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances, the motion must be filed in the first instance with the court in the district where compliance is required. If that occurs, that court may exercise its discretion to transfer the motion to the issuing court if the court finds that the conditions set forth in the Rule are satisfied. But because this Court is the issuing court and not the court in the district where compliance is required, this Court is not empowered to make that determination in the first instance. Accordingly, Silmar's motion to quash the subpoena is dismissed.

IT IS SO ORDERED.

SIGNED this 27th day of March, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE