IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC. and<br>THE SECURITY CENTER, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DEDICATED MICROS USA, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:13-CV-1047-WCB<br>LEAD CASE |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the plaintiffs' Motion to Dismiss with Prejudice Defendant Hikvision USA, Inc., Dkt. No. 152, and defendant Hikvision's Cross Motion for Attorneys' Fees and Costs, Dkt. No. 155.

The plaintiffs' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. All claims asserted by the plaintiffs against defendant Hikvision in the above-referenced case are dismissed with prejudice. All counterclaims for declaratory judgment asserted by defendant Hikvision against the plaintiffs in the above-referenced case are dismissed with prejudice. However, the request that each party shall bear its own costs is denied.

Hikvision's Motion for Attorneys' Fees and Costs is GRANTED IN PART and DENIED IN PART. The request for an award of costs is granted, but the request for an order granting attorney fees is denied.

1

## I. The Plaintiffs' Motion to Dismiss

The plaintiffs have moved pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss their claims with prejudice and to dismiss Hikvision's counterclaims of noninfringement and invalidity with prejudice. In their motion, the plaintiffs have set forth a sweeping covenant not to sue, providing as follows:

> Plaintiffs, on behalf of themselves and anyone acting on their behalf, covenant not to sue Defendant, nor any other entity affiliated with Defendant nor any customer of Defendant or end user of Defendant's products for any claim of patent infringement, direct or indirect, with respect to U.S. Patent 5,751,346 ("'346 patent") against any product made, used, sold, offered for sale or imported into the United States, whether in the past, present or future, and whether such product is sold by Defendant or any other person, customer, or reseller of Defendant. Further, Plaintiffs, on behalf of themselves and anyone acting on their behalf, covenant not to sue Defendant, nor any other entity affiliated with Defendant nor any customer of Defendant or end user of Defendant's products [for] any claim of patent infringement, direct or indirect, with respect to the '346 Patent against any entity who has used or uses in the United States any product made or sold by Defendant for any claim of patent infringement, direct or indirect, with respect to the '346 Patent.

Dkt. No. 152, at 1-2.

Hikvision does not oppose the motion to dismiss both the plaintiffs' claims and Hikvision's counterclaims with prejudice. However, Hikvision objects to the portion of the plaintiffs' motion (and proposed order) providing that each side shall bear its own fees and costs. In its motion, Hikvision seeks an award of costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) in addition to seeking an award of attorney fees under 35 U.S.C. § 285. Other than by requesting that the Court enter an order directing that each party shall bear its own costs, the plaintiffs do not address whether Hikvision is entitled to costs as the prevailing party in this action.

The plaintiffs have unilaterally moved to dismiss their claims with prejudice under Fed. R. Civ. P. 41(a)(2). When a party seeks dismissal of an action under Rule 41(a)(2) unilaterally, rather than as part of a settlement, the opposing party is ordinary regarded as the prevailing party for purposes of an award of costs. See Power Mosfet Techs., L.L.C. v. Siemens AG, 378 F.3d 1396, 1416-17 (Fed. Cir. 2004). That is because the order of a court dismissing an action with prejudice (as opposed to a dismissal without prejudice) has res judicata effects that result in a judicially sanctioned change in the legal relationship of the parties. See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U. S. 598, 604-05 (2001); Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1035 (Fed. Cir. 2006); Inland Steel Co. V. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004) ("An indication of USX's status as a prevailing party is that the judgment it obtained in this case would have res judicata effect as to any claim brought against USX in the future with respect to the patent claims that were at issue in the district court case."); see generally SSL Servs., LLC v. Citrix Sys., Inc., 769 F3d 1073, 1086 (Fed. Cir. 2014) (in order to be deemed to have "prevailed," a party must have received some relief on the merits that materially altered the legal relationship between the parties by modifying the opposing party's behavior in a way that directly benefits the party). That is particularly true when, as in this case, the unilateral motion to dismiss is accompanied by a covenant not to sue. Highway Equip. Co., 469 F.3d at 1035-36. Accordingly, Hikvision must be regarded as the prevailing party in this action for purposes of Hikvision's request for an award of costs and attorney fees.[1]

---

[1] In their surreply brief, the plaintiffs argue that, in light of the recent resolution of the inter partes review proceeding relating to the '346 patent and another related patent owned by the plaintiffs, Hikvision cannot be regarded as the "prevailing party" in this litigation. While the resolution of the inter partes review proceeding may mean that Hikvision is not the prevailing party in that proceeding, the outcome of that proceeding does not affect the question whether

3

There is a strong presumption that a prevailing party will be awarded costs. The plaintiffs have provided nothing by way of argument sufficient to overcome that presumption. The Court therefore GRANTS Hikvision's request for an award of costs pursuant to 28 U.S.C. § 1920 and DENIES the portion of the plaintiffs' motion to dismiss that provides that each party shall bear its own costs. The Court expects the parties to resolve the issue of the amount of allowable costs without further intervention from the Court.[2]

Because Hikvision has not objected to the portion of the plaintiffs' motion to dismiss that would dismiss both parties' claims with prejudice, the Court GRANTS the motion to dismiss to that extent. The action is therefore dismissed, and costs are awarded to Hikvision.

**II. Hikvision's Motion for Attorney Fees**

Invoking section 285 of the Patent Act, 35 U.S.C. § 285, Hikvision contends that it is entitled to an award of its attorney fees in this case. The plaintiffs oppose Hikvision's motion.

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court recently clarified the scope of section 285, holding that an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness,

---

Hikvision is the prevailing party in this one. Because Hikvision has obtained a "with prejudice" dismissal based on a unilateral motion to dismiss containing a broad covenant not to sue, Hikvision is clearly the prevailing party in this action.

[2] In determining the items and amounts properly chargeable as costs, the parties should be aware of this Court's prior decisions on cost disputes in Kroy IP Holdings, LLC v. Safeway, Inc., No. 2:12-CV-00800-WCB (E.D. Tex. Aug. 13, 2015), Dkt. No. 238; and DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc., No. 2:12-CV-00764-WCB-RSP, 2015 WL 164072 (E.D. Tex. Jan. 13, 2015).

LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). The Court added that district courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. While no single element is dispositive, "predominant factors to be considered, though not exclusive, are those identified in Brooks Furniture [Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378 (Fed. Cir. 2005)]: bad faith litigation, objectively unreasonable positions, inequitable conduct before the [Patent and Trademark Office ("PTO")], litigation misconduct, and (in the case of an accused infringer) willful infringement." Stragent, LLC v. Intel Corp., No. 6:11-CV-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J.); see also Octane, 134 S. Ct. at 1756 n.6 ("[I]n determining whether to award fees under a similar provision in the Copyright Act, district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"), quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994). The decision whether to award fees is committed to the district court's discretion. Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S. Ct. 1744, 1747, 1748 (2014); Octane, 134 S. Ct. at 1756, 1758.

Hikvision argues that this case should be found exceptional under section 285 for several reasons. In particular, Hikvision charges that Trover (1) asserted meritless claim construction positions; (2) asserted meritless infringement claims; (3) failed to develop evidence that Hikvision or others made any infringing use of the methods claimed in the patent; (4) failed to point to evidence of Hikvision's pre-suit knowledge of the patent or post-suit bad faith; (5) took inconsistent positions on issues of claim construction before the Court in this case and the PTO

5

in a concurrent inter parties review proceeding; and (6) advocated a frivolous position as to damages. More broadly, Hikvision argues that the plaintiffs' entire litigation strategy was part of a bad faith effort to use the litigation to subject Hikvision to high defense costs in order to extract a settlement despite the absence of merit in the plaintiffs' case.

In evaluating whether a party has taken unreasonable litigating positions, it is important to note at the outset that the fact that the party's position does not prevail—or would not have prevailed if it had been litigated to conclusion—is insufficient by itself to warrant an award of fees. See Octane, 134 S. Ct. at 1753 (fees are not "a penalty for failure to win a patent infringement suit," but are appropriate only "in extraordinary circumstances"); IP Innovation L.L.C. v. Red Hat, Inc., No. 2:07–CV–447 (E.D. Tex. Oct. 13, 2010), Dkt. No. 273, at 2. (Rader, J.) ("An award of attorneys' fees . . . must be predicated upon something beyond the fact that a party has prevailed."). Hikvision must show that Trover's positions (individually or taken as a whole) were frivolous or objectively baseless.

A second consideration that applies to attorney fee motions such as this one is that it is inappropriate for proceedings on a fee application to turn into a second trial (or in this case a first trial) on the merits of the case. This Court doubts that when the Supreme Court in Octane gave district courts broader discretion to grant fee awards in patent cases, it intended to create a regime in which the merits of a patent case would have to be decided twice: once on the issue of liability and a second time on the issue of the prevailing party's right to a fee award. Accordingly, the Court agrees that "for a case dismissed before trial to be designated exceptional, evidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes." Charge Lion LLC v. Linear Tech. Corp.,

No. 6:12-CV-00769 (E.D. Tex. Aug. 25, 2014); SFA Sys., LLC v. 1-800-Flowers.com, Inc., No. 6:11-CV-399 (E.D. Tex. July 8, 2014), at 4-5, aff'd sub nom. SFA Sys., LLC v. Newegg Inc., No. 2014-1712, 2015 WL 4154110 (Fed. Cir. July 10, 2015).

A third consideration that bears on a court's analysis of a fee request such as this one is that the non-moving party's conduct must be analyzed in light of the stage of development of the record in the case. Thus, the non-moving party cannot fairly be charged at the outset of the case with knowledge of information that is developed in the course of the litigation. For that reason, a position taken by that party at an early point in the case may be reasonable, even though later developments show that position to be unsustainable. Each of these three considerations bears on the Court's analysis in this case.

### A. Claim Construction Positions

Hikvision identifies three of the plaintiffs' claim construction positions that it contends were sufficiently meritless to support a fee award. The three claim construction positions are: (1) the plaintiffs' proposed construction of the phrase "storing said second digitized image only if said determined number of pixels exceeds said reference number" in claim 4 of the '346 Patent and similar terms in claims 5 and 7 (the "only if" limitations); (2) the plaintiffs' proposed construction of the term "digitizing" in claims 4, 5, and 7; and (3) the plaintiffs' proposed construction of the phrase "on a pixel basis" in claims 4 and 5.

### 1. "storing said digitized image only if said determined number of pixels exceeds said reference number"

Hikvision contends that Trover's proposed construction of the "only if" limitation was unreasonable. As evidence of the unreasonableness of Trover's position, Hikvision points to

language in this Court's claim construction order, Dkt. No. 104, and to prior statements made by the applicants during the prosecution of the '346 patent.

Hikvision is correct that in its claim construction order this Court rejected the plaintiffs' argument as to the meaning of the "only if" limitation. The Court did not take issue with the claim construction language proposed by the plaintiffs, which the Court explained "on its face is not objectionable." Dkt. No. 104, at 10. In fact, the language proposed by the plaintiffs had been adopted by Judge Everingham in an earlier case involving the same patent. Trover Group, Inc. v. Diebold Inc., No. 2:06-CV-445 (E.D. Tex. Oct. 21, 2008), 2008 WL 5771322. However, the Court disagreed with the plaintiffs' interpretation of the claim construction that they proposed. The plaintiffs contended that the "only if" limitation would read on a method in which the system stores images, not only when they are changed but even when they are not changed. It was that interpretation of the claim construction language that the Court rejected. Dkt. No. 104, at 5.

The Court found that the plaintiffs' interpretation of their proposed claim construction language did not make sense, and the Court ultimately adopted a construction of the "only if" limitation that was designed "to ensure that the claim language [would not be] expanded unacceptably." However, the Court is not prepared to conclude that the plaintiffs' interpretation of that claim limitation is sufficient to render this case "exceptional" and thus to justify a fee award. In the course of litigating a complex case, it is not unusual for one or both parties to make some arguments that stretch the limits of plausibility. Were fee awards to be made in response to every argument that the Court regards as clearly mistaken, fee awards would become the rule, not the exception. Thus, the Court concludes that the plaintiffs' claim construction

argument with respect to the "only if" limitation falls into the category of a dispute over claim meaning that was unlikely to prevail, but was nonetheless legitimate to submit to the Court for resolution.

Such push-and-pull over the scope of claim language is common in patent litigation. The fact that plaintiffs lost that battle in this case does not by itself render their conduct sanctionable. See SFA Sys., LLC v. Newegg, Inc., No. 2014-1712, 2015 WL 4154110 (Fed. Cir. July 10, 2015), at *3 (the "correctness or eventual success" of a party's litigation position is not determinative of the attorney fee issue; "[a] party's position on issues of law ultimately need not be correct for them not to 'stand[] out,' or be found reasonable" (alteration in original)); Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc., 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("fees are not awarded solely because one party's position did not prevail"); Calypso Wireless, Inc. v. T-Mobile USA Inc., No. 2:08-CV-441, 2015 WL 1022745, at *5 (E.D. Tex. Mar. 5, 2015) ("[T]he Court does not consider a case 'exceptional' simply because there is dispute over the construction of patent claims and that a defendant or plaintiff's construction proved to be incorrect—there must be more."); Bianco v. Globus Medical, Inc., No. 2:12-CV-00147, 2014 WL 1904646, at *2 (E.D. Tex. Apr. 17, 2014) (the fact that the Court ruled against the plaintiff on an issue does not mean that the defendant has shown that the plaintiff's position was frivolous).

**2. "digitizing"**

Hikvision argues that the plaintiffs' proposed construction of the claim term "digitizing" was objectively unreasonable. In so doing, Hikvision again points to the Court's claim construction order, in which the Court found the plaintiffs' construction to be inconsistent with

9

the patent's specification and contemporaneous dictionaries. Dkt. No. 104 at 11-14. The Court concludes that the plaintiffs' position was not unreasonable on its face. Rather, the Court found the plaintiffs' proposed construction to be erroneous only after analyzing the context in which the term was used in the claims, the function of the "digitizer" as described in the specification, and the way the term "digitizing" was defined in technical dictionaries contemporaneous with the application. While that evidence was sufficient to persuade the Court that the plaintiffs' proposed construction was wrong, the Court does not regard the plaintiffs' interpretation as so far wide of the mark as to make this an "exceptional" case. Once again, the fact that plaintiffs did not prevail on that issue is not enough to render their position sufficiently unreasonable to make the case "exceptional."

### 3. "on a pixel basis"

Finally, Hikvision contends that the plaintiffs' construction of the phrase "on a pixel basis" was objectively unreasonable. Hikvision's position as to that limitation is similar to its position regarding the "only if" limitation. On its face, the plaintiffs' proposed construction of the phrase "on a pixel basis" was reasonable. The plaintiffs proposed that the phrase be interpreted to mean "pixel by pixel," which was the same construction of the term adopted by this Court in an earlier case involving the same patent, Trover Group. Inc. v. Tyco Integrated Security, Inc., Case No. 2:13-cv-52 (E.D. Tex. July 28, 2014). It was only when it became clear that the plaintiffs interpreted the proposed construction "pixel by pixel" to include comparisons of blocks of pixels, rather than comparisons of individual pixels with corresponding individual pixels, that the Court found it necessary to adopt a construction ("single pixel by single pixel") that made clear that the phrase "on a pixel basis" did not include comparisons of blocks or

groups of pixels with corresponding blocks or groups of pixels. The dispute in this case thus turned not only on the construction of the claim phrase "on a pixel basis," but on the meaning of the proposed construction "pixel by pixel."

Although the Court was persuaded that the plaintiffs' proposed construction—as interpreted by the plaintiffs to include comparisons of blocks of pixels—was unduly broad, the plaintiffs' argument was not meritless on its face. The plaintiffs' effort to persuade the Court to interpret "on a pixel basis" in include comparisons of blocks of pixels was thus not a frivolous venture for which a fee sanction would be appropriate.

Accordingly, even though the Court rejected the plaintiffs' arguments with respect to each of the claim construction issues featured by Hikvision in its fees motion, the Court is not persuaded that any of the positions advocated by the plaintiffs, viewed either individually or as a whole, rendered this case sufficiently "exceptional" to justify the unusual step of awarding attorney fees to Hikvision.

### B. Infringement Claims

Hikvision also accuses the plaintiffs of advocating meritless infringement positions. Hikvision identifies seven limitations that it claims cannot credibly be thought to read on its products, and it argues that the report of the plaintiffs' infringement expert is unreasonably deficient in setting forth the grounds on which a finder of fact could base a finding of infringement.

The Court does not find Hikvision's objections sufficient to support a finding that this case is "exceptional" for purposes of an attorney fee award under section 285. In the case of five of the seven limitations referred to by Hikvision, the reason that those limitations do not appear

11

to read on Hikvision's products is that the Court construed those limitations in its claim construction order in a way that made proof of infringement difficult. The claim construction order, however, was not entered until March 19, 2015, only a month before the plaintiffs moved to dismiss this case. Given that the Court finds the plaintiffs' positions as to the construction of those terms not to be sanctionable, it follows that it was not unreasonable for the plaintiffs to argue that Hikvision's products infringed under the plaintiffs' theory of the case prior to the Court's claim construction order. Significantly, the plaintiffs dismissed their case reasonably promptly after the Court issued its claim construction order, a step that the Court regards as an indication that the plaintiffs were focused on the merits of their infringement claims and not—as Hikvision contends—on continuing the litigation regardless of its prospects simply to extract a settlement from Hikvision.[3]

As for the two limitations that do not turn on disputed claim constructions ("comparing said first digitized image with said second digitized image" and "storing said digitized image"), the Court is not persuaded by Hikvision's arguments that the plaintiffs' positions were frivolous. Although Hikvision insists that its products do not "compare" the first digitized image with the second digitized image, and that its products do not "store" the digitized image referred to in the claims, the precise manner in which Hikvision's products operated was not entirely clear from the outset of the case. Hikvision was slow to respond to the plaintiffs' interrogatories,

---

[3] Hikvision argues that the plaintiffs' decision to seek dismissal shortly after the issuance of the Court's claim construction order is evidence of the weakness of their case and thus supports a fee award. The Court disagrees. If it was not unreasonable for the plaintiffs to await the outcome of the claim construction proceedings before abandoning their case—and the Court concludes that it was not—the plaintiffs' decision to seek dismissal shortly after the claim construction order is evidence of good faith. Indeed, if the plaintiffs had not done so, Hikvision might reasonably have argued that the plaintiffs' failure to promptly move to dismiss their case was evidence of unreasonableness on their part.

completing its document production in response to the plaintiffs' first set of interrogatories only in February 2015, and the plaintiffs encountered difficulties in obtaining technical deposition testimony from a knowledgeable Hikvision witness under Fed. R. Civ. P. 30(b)(6). In addition, even after the plaintiffs sought access to Hikvision's source code, they faced a variety of technical problems for several months in the course of their effort to use the source code to determine how Hikvision's products worked.

Hikvision complains that the plaintiffs were slow to undertake discovery and did not take advantage of Hikvision's offer to show them why the Hikvision products did not infringe. The record, however, shows that while the plaintiffs may have been dilatory in initiating discovery, Hikvision was also not without fault in producing information and witnesses. While the delays and discovery disputes no doubt added to the time (and expense) of the litigation, such delays and discovery disputes are hardly uncommon in patent litigation. After studying the parties' presentations regarding the discovery process, the Court is unable to conclude from the record before it that the responsibility for the delays falls so heavily on the plaintiffs' side as to qualify this case as exceptional.

Finally, in support of its argument that the plaintiffs' infringement arguments were frivolous, Hikvision criticizes the expert report of the plaintiffs' infringement expert, Joseph C. McAlexander, III, Dkt. No. 156-2, and relies on the rebuttal report of its own expert, Clifford Reader, Dkt. No. 156-4. Hikvision criticizes the McAlexander report on various grounds, including that Mr. McAlexander relied on others for an analysis of the source code, he relied on conclusory and overly broad doctrine of equivalents assertions, and he did not analyze in detail the "background model" motion detection algorithm of Hikvision's cameras. Those criticisms,

although they may have merit, do not persuade the Court that the report is so flimsy as to render the plaintiffs' infringement theories plainly insupportable. Mr. McAlexander's report is lengthy, and it addresses the issues bearing on infringement in some detail; regardless of whether, in the end, the analysis set forth in the report would be found unpersuasive, it does not represent a perfunctory or facially inept effort. As Judge Yeakel pointed out recently, a court "should not be quick to declare a case exceptional, when experts in the scientific field before the court disagree on the conclusion to be drawn from language in a patent or on the scope or breadth of the patent." Ushijima v. Samsung Elecs. Co., No. A-12-CV-318 (W.D. Tex. July 30, 2015), at 3.[4]

As for Hikvision's reliance on Dr. Reader's rebuttal report, that report was dated May 15, 2015, which was after the plaintiffs' filed their motion to dismiss the action on April 29, 2015. While Hikvision had filed letter briefs on March 24, 2015, setting forth its non-infringement positions as to direct infringement, Dkt. No. 112, indirect infringement, Dkt. No. 113, and the doctrine of equivalents, Dkt. No. 114, those letter briefs were filed only a little more than a month before the plaintiffs filed their motion to dismiss the case. Because each of those documents was generated either after, or shortly before, the plaintiffs abandoned their claims against Hikvision, they cannot fairly be cited as evidence that the plaintiffs knew or should have known from the outset that they could not prevail on their claims of infringement.

---

[4] As the Federal Circuit made clear in its recent decision in SFA Systems, LLC v. Newegg Inc., 2015 WL 4154110, at *6, simply filing an expert report is not enough to avoid a fee sanction. In that case, the court cited with approval its prior decision in MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 919 (Fed. Cir. 2012), where the court upheld an award of attorney fees and expert fees based in part on the plaintiff's having introduced and relied upon expert testimony that "failed to meet even minimal standards of reliability" and that was excluded for unreliability. Hikvision has not shown that the McAlexander report was so unreliable that expert testimony based on that report would have been excluded.

## C. Absence of Evidence of Direct Infringement of Method Claims

Hikvision contends that the plaintiffs had no proof that any of Hikvision's customers actually used any of the Hikvision products in an infringing manner. Consequently, Hikvision argues that the plaintiffs had no evidence of Hikvision's liability for indirect infringement of the '346 patent. The plaintiffs, however, represent that they were able to obtain substantial discovery from the ultimate purchasers, installers, and users of Hikvision products in their effort to prove indirect infringement by Hikvision. Based on the substantial sales made by Hikvision in the United States, the Court is satisfied that the plaintiffs had substantial grounds for their contention that Hikvision's customers were using Hikvision products in this country. It is likely, therefore, that the question of indirect infringement would come down to whether the Hikvision products infringed in their normal operation or when appropriately configured. For that reason, Hikvision's argument regarding the lack of proof of indirect infringement adds nothing to its argument that its products did not operate in an infringing manner.

## D. Absence of Evidence of Pre-suit Knowledge of the Patent or Post-Suit Bad Faith

Hikvision next contends that the plaintiffs had no evidence that Hikvision was aware of the existence of the '346 patent before the suit was filed, so the plaintiffs would not be able to recover damages for the pre-filing period. The plaintiffs respond that they had marked their products with the appropriate patent numbers for years and that there is circumstantial evidence that Hikvision, as a competitor and a significant player in the same market would have been aware of the '346 patent. For example, the plaintiffs state that they displayed their products at trade shows that were attended by Hikvision representatives. In any event, even if the plaintiffs' proof failed as to pre-suit damages because of lack of notice of the patent, the plaintiffs would

still be able to recover damages for the period between the filing of the action and the expiration of the patent. Hikvision's argument on this point does not buttress its claim that this case is exceptional.

### E. Inconsistent Positions Before the Court and the PTO

As further support for its claim that this case should be found exceptional under Octane, Hikvision argues that the plaintiffs have taken inconsistent positions before this Court and before the PTO. It is true that a plaintiff should not be heard to advocate a narrow position with respect to claim construction before the PTO (in an effort to avoid a finding of invalidity) and then subsequently advocate a broader position in litigation (in an effort to establish infringement). See MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 917-18 (Fed. Cir. 2012) (holding that prosecution history estoppel resulted in a proposed claim construction being deemed frivolous, so as to support a finding of bad faith). In this case, however, the plaintiffs did not engage in any such manipulation. Rather, they advocated one position in litigation and lost on that issue. Subsequently, before the PTO, they advanced the new, narrower claim construction that the Court had adopted in its claim construction order. In light of the Court's claim construction, it was reasonable for the plaintiffs to take a position before the PTO that was consistent with the Court's order. The plaintiffs' decision to take that narrower position before the PTO, in light of the Court's claim construction decision, did not mean that the plaintiffs' broader position taken in the litigation before the Court's ruling was therefore unreasonable.

### F. The Plaintiffs' Position on Damages

Finally, Hikvision points to the report of plaintiffs' damages expect as evidence of the exceptional nature of this case. While the expert's damages report, Dkt. No. 166-4, appears to be

incomplete and flawed in some respects, the report was submitted only shortly before the plaintiffs sought to dismiss the case and thus had essentially no effect on the course of the litigation. Moreover, on April 7, 2015, the plaintiffs filed a motion to compel the production of additional information from Hikvision. Because of an alleged lack of cooperation from Hikvision's distributors, the plaintiffs also sought to extend the time for discovery by 60 days. Dkt. No. 134. Because the additional discovery that the plaintiffs sought to obtain bore at least in part on the issue of damages, it is evident that their damages expert's report, which was submitted the following day, on April 8, 2015, was not intended to be their last word on the damages issue. As it turned out, any further possible elaboration on the plaintiffs' damages theory, as set forth in the expert's report, was overtaken by events when, three weeks after the submission of the report, the plaintiffs moved to dismiss the action. Under these circumstances, and in light of the plaintiffs' expressed intention to continue their efforts to develop their damages case, the Court is not persuaded that any defects in the expert's report are sufficient to render this case exceptional for purposes of an award of attorney fees.

### G. Bad Faith Litigation

Throughout its brief, Hikvision sounds the theme that the plaintiffs have not litigated this case in good faith, but have simply used their patent and this patent litigation to extract a settlement from Hikvision. To be sure, litigation tactics that are designed not to resolve genuine legal disputes, but simply to extract nuisance value settlements may justify attorney fee awards in appropriate cases. See SFA Sys., LLC v. Newegg Inc., 2015 WL 4154110 (Fed. Cir. July 10, 2015) ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the

merits of one's claims, is relevant to a district court's exceptional case determination under § 285."); Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314, 1327 (Fed. Cir. 2011) (attorney fee award may be justified if court finds that the patentee acted in bad faith "by exploiting the high cost to defend complex litigation to extract a nuisance value settlement"). But in spite of Hikvision's insistence that this is such a case, the Court is not persuaded. The plaintiffs have invested significant assets in investigative and discovery proceedings in this case, and they have briefed and argued the legal issues energetically. The Court concludes that this is not a case in which the plaintiff has proceeded in bad faith with a frivolous lawsuit and has simply used legal process to obtain a nuisance settlement based on the costs of that the defendant would have to incur to defend the suit.

In large measure, the arguments Hikvision musters in support of its assertion that the plaintiffs have proceeded in bad faith essentially reprise their arguments that plaintiffs' positions legal positions in this case were unreasonable and frivolous. As the Court finds that the positions taken by plaintiffs were not frivolous, the Court finds that the plaintiffs did not conduct their litigation in an exceptionally unreasonable fashion or in bad faith.

\* \* \* \* \*

Considering the evidence as a whole, the Court finds that this case does not qualify as an exceptional case and that an award of fees is not warranted. The Court therefore DENIES Hikvision's motion for an award of attorney fees under 35 U.S.C. § 285. However, for the reasons set forth in Part I above, the Court awards costs to Hikvision under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) and therefore grants Hikvision's motion insofar as it seeks an award of costs.

IT IS SO ORDERED.

SIGNED this 17th day of August, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE